United States District Court
Southern District of Texas
**ENTERED**
October 22, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DORA DOSS THOMPSON, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-02322 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

### OPINION AND ORDER

This case arises out of an insurer's denial of a property damage claim. Defendant State Farm Lloyds ("State Farm") has filed a Motion for Summary Judgment. *See* Dkt. 15. For the reasons that follow, State Farm's motion is **GRANTED**.

### BACKGROUND

Plaintiff Dora Doss Thompson obtained an insurance policy ("Policy") from State Farm, covering wind and hail damage occurring between April 12, 2021 and April 12, 2022 at her home located at 21014 Pricewood Manor Court, Cypress, Texas 77433 (the "Property"). Thompson claims that a September 28, 2021 storm caused significant wind and hail damage to her Property.

On February 11, 2022, Martin Langley, a representative of Shingle Hut, LLC, a roofing contractor, inspected the Property. Kevin Catchings, Shingle Hut's Owner and Project Manager, subsequently sent a February 14, 2022 letter to Thompson, asserting that her roof damage was caused by the September 28, 2021 hailstorm. Catchings concluded that the damage required a "complete reroof and any associated repairs . . . which will cost $44,419.05." Dkt. 20-2 at 16. Catchings attached to his letter a Hail History Report from StormerSite, which indicates that a September 28, 2021 hailstorm at the Property resulted in approximately one-inch hail.

On February 16, 2022, Thompson reported a hail damage claim to State Farm. State Farm promptly commenced an investigation, assigning Seek Now, a third-party contractor, to inspect the Property. The Seek Now inspector did not find any wind or hail damage to the roof, but instead found "covered damage caused by hail to the [gutter system and a single window screen]." Dkt. 16-3 at 64; *see also id.* at 69 (identifying gutter and window screen as hail-damaged areas). Seek Now further determined that the roof had granule loss and blistering caused by wear, tear, and deterioration expected of a nearly 15-year-old roof.

Following the inspection, State Farm notified Thompson in a February 24, 2022 letter that the covered loss amounted to $541.92. Because the covered loss fell below the $14,186 deductible, State Farm did not make any payment to Thompson. On March 24, 2022, State Farm conducted a second inspection of the Property. The second inspection also revealed no evidence of wind or hail damage to the roof.

On December 12, 2022, Thompson filed this lawsuit in Texas state court asserting claims against State Farm for breach of contract and various violations of Texas Insurance Code Chapters 541 and 542. State Farm removed the lawsuit to federal district court on June 23, 2023. Thompson amended her complaint on November 9, 2023 to add a claim for breach of the common law duty of good faith and fair dealing.

State Farm's expert witness, Jordan Beckner, inspected the Property in May 2023. Beckner has produced a Roof Inspection Report, which concludes that no hailstorm occurred at the Property on September 28, 2021. Beckner also found that any damage to Thompson's roof was caused by wear, tear, and deterioration over time, which is not a covered loss under the Policy.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine issue of material fact exists when

there is evidence sufficient for a rational trier of fact to find for the non-moving party." *Schnell v. State Farm Lloyds*, 98 F.4th 150, 156 (5th Cir. 2024) (quotation omitted). The moving party bears the burden of demonstrating no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once satisfied, the burden shifts to the non-movant to show the existence of a genuine fact issue for trial. *See id.* at 324. "[T]he non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of its case for which it will bear the burden of proof at trial." *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007) (quotation omitted). I "may not make credibility determinations or weigh the evidence." *Total E&P USA Inc. v. Kerr-McGee Oil & Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013). Finally, I "must view the facts and evidence in the light most favorable to the nonmovants and draw all reasonable inferences in their favor." *Schnell*, 98 F.4th at 156.

## EVIDENTIARY OBJECTIONS

As an initial matter, I will address State Farm's objections to Thompson's summary judgment evidence. State Farm objects to "an unauthenticated 'estimate' prepared by a 'Martin Langley,' an un-designated 'expert,' to support the notion that there is hail damage based on an inspection Mr. Langley reportedly performed more than five months after the reported date of loss." Dkt. 21 at 4. The so-called "estimate" is accompanied by a February 14, 2022 letter signed by Catchings, Shingle Hut's owner. It is not clear to me whether the opinions in question are Langley's opinions or Catchings's opinions. I need not engage in a lengthy discussion of whether this "opinion" evidence is admissible, however, because neither Langley nor Catchings has been designated by Thompson as a testifying expert. *See* Dkt. 23-5 (Plaintiff's Designation of Testifying Experts).[1] This is

---

[1] Although Thompson's expert designations are not in the summary judgment record, they are in the court's file for this case. The Fifth Circuit has held that a district court "clearly ha[s] the right to take notice of its own files and records." *Aloe Creme Lab'ys, Inc. v.*

dispositive. The Fifth Circuit has held that "if a party offers opinion evidence on the hearing of a motion for summary judgment, the court must determine in advance whether that evidence would be admissible if the trial were on the merits." *Elliott v. Mass. Mut. Life Ins. Co.*, 388 F.2d 362, 366 (5th Cir. 1968). When a party fails to properly disclose its expert witnesses, a district court must exclude the testimony of that witness "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). There is no indication here that the failure to designate Langley and/or Catchings was substantially justified or harmless. Thus, I will sustain State Farm's objection to the estimate included as Exhibit 2 to Thompson's summary judgment response. *See* Dkt. 20-2 at 15–79.

State Farm also objects to certain opinions offered by Micah Harrison, an expert witness designated by Thompson. I will deny the objections to Harrison's opinions as moot because such evidence does not affect the disposition of the summary judgment motion.

I now turn to the substance of the summary judgment arguments.

## ANALYSIS

### A.   BREACH OF CONTRACT CLAIM

State Farm argues it is entitled to summary judgment on Thompson's breach of contract claim for two independent reasons: (1) Thompson has failed to produce evidence that hail or wind damaged the Property on September 28, 2021, and the amount of loss exceeded the Policy's deductible; and (2) even if Thompson could present some evidence of wind or hail damage on September 28, 2021, which exceeded the Policy's deductible, she has failed to segregate the covered losses under the concurrent causation doctrine. Both arguments are persuasive.

### 1.   *No Genuine Issue of Material Fact Exists as to Whether a September 28, 2021 Hailstorm Damaged the Property in Excess of the Policy's Deductible.*

*Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *see also* FED. R. EVID. 201(d) ("The court may take judicial notice at any stage of the proceeding.").

Even if I assume that Thompson's roof suffered hail damage on September 28, 2021, there is not a shred of evidence in the summary judgment record that the cost to repair the roof is above the $14,186 Policy deductible. This is a death knell to her breach of contract claim. "An insured cannot recover under an insurance policy unless it pleads and proves facts that show that its damages are covered by the policy." *Tchakarov v. Allstate Indem. Co.*, No. 3:20-cv-2769, 2021 WL 4942193, at *5 (N.D. Tex. Oct. 22, 2021).

## 2. The Texas Concurrent Causation Doctrine Bars Thompson's Breach of Contract Claim.

Texas's concurrent causation doctrine instructs that "[w]hen covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993). Stated a different way, the insured must "segregate covered losses from non-covered losses." *Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004).

In recent years, the Fifth Circuit has recognized that considerable confusion exists over how district courts should apply Texas's concurrent causation doctrine. *See Overstreet v. Allstate Vehicle & Prop. Ins. Co.*, 34 F.4th 496, 499 (5th Cir. 2022) (observing "that determinative questions about the concurrent causation doctrine remain unresolved"); *see also Frymire Home Servs., Inc. v. Ohio Sec. Ins. Co.*, 12 F.4th 467, 472 (5th Cir. 2021) ("Other courts' application of *Lyons* confirms our sense that [certain] aspects of concurrent cause doctrine are unsettled."). In *Overstreet* and *Frymire*, the Fifth Circuit certified questions to the Texas Supreme Court concerning the contours of the doctrine, but both cases settled before the Texas Supreme Court could offer its insight. Although questions remain unanswered about the scope of the concurrent causation doctrine, the Fifth Circuit recently held that the doctrine does not preclude recovery where the insured presents evidence demonstrating that all of the claimed damage resulted from a covered cause. *See Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th

469, 477 (5th Cir. 2022). Unfortunately for Thompson, she has no evidence demonstrating that all of the claimed damage resulted from the September 28, 2021 hailstorm.

Even if I assume that Thompson can—through the testimony of her expert, Micah Harrison—create a genuine dispute as to whether hail damaged the Property on September 28, 2021, the concurrent causation doctrine bars her contract claim. Even so, Harrison opines in  his January 25, 2024 report that "it is difficult to pinpoint the exact date that the hail impacted the roof covering," estimating "the [impacted] areas appear to be only a few years old but [acknowledging that they] could be as recent as a few months old." Dkt. 28-1 at 6–7. Harrison does not even attempt to make this "difficult" determination. Rather, Harrison acknowledges that "it's possible the impacts [to Thompson's roof] originate from a single storm that had a variation of sizes *or could be the result of more than one event*." *Id.* at 6 (emphasis added).

The concession of Thompson's own expert that more than one event could have caused the damage to her roof is enough to trigger Thompson's obligation to "present some evidence affording the jury a reasonable basis on which to allocate the damage." *Lyons*, 866 S.W.2d at 601. Yet, having sustained State Farm's objections to the Shingle Hut report, Thompson has no other evidence with which a jury could reasonably allocate the damage. Accordingly, State Farm is entitled to summary judgment on Thompson's breach of contract claim.

## B.   DUTY OF GOOD FAITH AND FAIR DEALING

Under Texas common law, insurers have a common law duty of good faith and fair dealing. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–51 (Tex. 1997). The elements of a breach of the duty of good faith and fair dealing in the insurance context are: (1) "the insurer had no reasonable basis for the denial or delay in payment of a claim"; and (2) "the insurer knew or should have known of that fact." *Laws. Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 869 (5th Cir. 2014). "An insurer does not breach its duty merely by erroneously denying

a claim." *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997). Similarly, a bona fide coverage dispute is not evidence of an insurer's unreasonableness. *See State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997) ("We have recognized that evidence showing only a bona fide coverage dispute does not, standing alone, demonstrate bad faith."). As the Texas Supreme Court has explained, "[a] simple disagreement among experts about whether the cause of the loss is one covered by the policy will not support a judgment for bad faith." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994).

Here, it is undisputed that State Farm had Seek Now, a third-party contractor, inspect the Property in February 2022, just days after Thompson reported a hail claim. That inspection found no wind or hail damage on the roof. State Farm then conducted a second inspection in March 2022, which also revealed no evidence of wind or hail damage to the roof. The second inspection further indicated that the roof "show[ed] above average wear on all slopes for the age of the shingles, including heavy blistering on a majority of the slopes." Dkt. 16-3 at 3. All in all, these inspections establish a reasonable basis for State Farm's denial of Thompson's insurance claim. "The fact that qualified experts on each side of this case disagree about whether the damage to the . . . roof was caused by hail and wind is further evidence that this case is, at heart, a bona fide coverage dispute, not one of bad faith." *Alvarez v. State Farm Lloyds*, No. SA-18-cv-01191, 2020 WL 1033657, at *5 (W.D. Tex. Mar. 2, 2020).

Thompson has not presented any competent summary judgment evidence indicating that State Farm acted unreasonably at the time it made its claim decision. She simply makes conclusory allegations that State Farm ignored evidence of hail at the Property on September 28, 2021, refused to adequately consider evidence of hail damage, and failed to explain in great detail the factual basis for excluding coverage. *See* Dkt. 19 at 14. Thompson's subjective belief that there is covered hail damage to the roof does not mean that State Farm conducted an unreasonable investigation. "'As long as the insurer has a reasonable basis to

deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997). By relying on two separate property inspections, both of which determined that the September 28, 2021 hailstorm did not result in a covered loss, State Farm conducted a reasonable investigation. This case does not rise above a bona fide coverage dispute. State Farm is entitled to summary judgment on Thompson's claim for breach of the duty of good faith and fair dealing.

## C.   CHAPTER 541 CLAIMS

Chapter 541 prohibits a long list of unfair and deceptive practices in the business of insurance. *See* TEX. INS. CODE §§ 541.051–061. In this case, Thompson alleges State Farm violated §§ 541.060(a)(1), (2), (3), (4)(A), and (7). State Farm moves for summary judgment on each claim.

### 1.   Section 541.060(a)(1)

Section 541.060(a)(1) prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." TEX. INS. CODE § 541.060(a)(1).

The sole misrepresentation alleged by Thompson stems from her disagreement with State Farm's findings following multiple inspections of the Property, and whether the Policy provided coverage for the alleged loss. *See* Dkt. 19 at 14 ("State Farm misrepresented the coverage provided under the policy by asserting in its February 2024 [letter] that the exclusions to coverage it cited justified denial of her claim even though there was no factual basis to support the exclusion.").

> Although this claim mentions a misrepresentation—suggesting it may not arise out of the same factual allegations as [Thompson]'s bad faith claim—the claim appears to rely on the same theory as [her] bad faith claim (i.e., that there was no reasonable basis to deny [her] policy benefits, and [State Farm]'s representation to the contrary was a misrepresentation of coverage).

8

*Kim v. Nationwide Mut. Ins. Co.*, 614 F. Supp. 3d 475, 497 (N.D. Tex. 2022). At best, Thompson's summary judgment evidence suggests only a factual dispute over covered damages under the Policy, not that State Farm made a misrepresentation of fact. *See* at 497–98. Indeed, Thompson readily admitted in her deposition that, setting aside the dispute concerning the cause of loss, there is nothing else she believes State Farm misrepresented to her with regard to this claim. *See* Dkt. 16-5 at 47. Accordingly, I grant State Farm's motion for summary judgment on the § 541.060(a)(1) claim.

### 2.   *Sections 541.060(a)(2) and 541.060(a)(7)*

Section 541.060(a)(2) prohibits an insurer from "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." TEX. INS. CODE § 541.060(a)(2)(A). Section 541.060(a)(7) prohibits an insurer from "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." *Id.* § 541.060(a)(7). "Texas law treats § 541.060(a)(2) and § 541.060(a)(7) as codifications of an insurer's common law duties of good faith and fair dealing." *Platinum Trophy Hunts LLC v. Phila. Indem. Ins. Co.*, No. 1:22-cv-00496, 2022 WL 17814614, at *4 (W.D. Tex. Dec. 19, 2022); *see also Lee v. Catlin Specialty Ins. Co.*, 766 F. Supp. 2d 812, 818 (S.D. Tex. 2011) ("The statutory bad faith standard [of the Texas Insurance Code] parallels the common law formulation.").

As discussed at length above, Thompson has failed to create a genuine dispute that State Farm acted unreasonably in denying coverage. For the same reasons, summary judgment is appropriate in favor of State Farm and against Thompson on her § 541.060(a)(2)(A) and § 541.060(a)(7) claims. *See J.P. Columbus Warehousing, Inc. v. United Fire & Cas. Co.*, No. 5:18-cv-100, 2021 WL 799321, at *11 (S.D. Tex. Jan. 13, 2021) (granting summary judgment as to claims for violations of § 541.060(a)(2)(A) and § 541.060(a)(7) because plaintiff failed to

present a genuine issue of material fact as to breach of the duty of good faith and fair dealing).

### 3.    *Section 541.060(a)(3)*

Section 541.060(a)(3) prohibits an insurer from "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." TEX. INS. CODE § 541.060(a)(3).

Thompson contends that State Farm violated this statutory mandate because it "did not provide an explanation of which of several quoted policy exclusions justified its decision . . . or any explanation of why the evidence she had submitted . . . fell within any of the listed exclusions." Dkt. 19 at 15. This argument stretches the bounds of credibility. Section 541.060(a)(3)

> does not obligate an insurer to provide an insured every piece of information or every written document the insurer has regarding the offer or the investigation. Rather, the statute requires the insurer to provide a *reasonable explanation* of the factual or legal basis in the policy, in relation to the facts or applicable law.

*Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 534 (N.D. Tex. 2011), *aff'd*, 709 F.3d 515 (5th Cir. 2013).

State Farm sent Thompson a letter on February 24, 2022, just days after she reported the hail claim. The letter stated, in relevant part:

State Farm® agrees there is covered damage caused by hail to the areas that we have itemized in our estimate. Please note the claim adjustment for these covered damages reflects the applicable policy deductible.

Our adjustment reflects these covered damages as indicated below.

**Building:**

| | |
|---|---|
| State Farm Estimate | $541.92 |
| Less Depreciation | $0 |
| Less Deductible: | $14,186.00 |
| **Total Payable** | $0 |

Since the loss is less than your $14,186.00 deductible, no payment can be made at this time. If you receive estimates related to this loss that exceed your deductible, please promptly forward these for our review prior to repairing or replacing the property.

Furthermore, we observed additional damage not caused by hail. State Farm denies coverage for damage to shingles and other exterior roofing components, except those covered damages identified in our estimate, because such other damage is excluded by the following policy provisions. We call your attention to the applicable portion of your policy:

### SECTION I – LOSSES NOT INSURED

1. **We** will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or

SF_Thompson 0574

widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

h. corrosion, electrolysis, or rust;

i. wet or dry rot;

k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings;

l. all animals, birds, or insects.

   (1) This includes:

      (a) nesting, infestation, gnawing, feeding, breeding, or discharge or release of waste products or secretions by animals, birds, or insects;

      (b) costs to remove animals, birds, or insects from the covered property; and

      (c) costs to prevent the animals, birds, or insects from returning to the property;

   (2) However, **we** will pay for:

      (a) losses caused by wild bears or deer; and

      (b) the breakage of glass or safety glazing material that is a part of a **building structure**, when caused by animals, birds, or insects; or

m. pressure from or presence of tree, shrub, or plant roots.

Dkt. 16-3 at 64–65.

Although Thompson disagrees with the bases for denying the claim, the February 24, 2022 letter provides a clear and reasoned explanation for State Farm's denial. "[N]o authority indicates that the insurer['']s explanation must exhaustively cover every possible detail or aspect of the claim." *Nieto v. State Farm*, --- F. Supp. 3d ----, No. 1:23-cv-004, 2024 WL 964720, at *3 (S.D. Tex. Mar. 6, 2024) (granting summary judgment on the plaintiff's § 541.060(a)(3) claim where State Farm's denial letter "explained its conclusion that wear and tear, rather than a storm caused the roof damage, and that, as a result, the Policy did not cover the damage."); *see also Salinas v. State Farm Fire & Cas. Co.*, No. B-10-194, 2012 WL 13055350, at *7 (S.D. Tex. Feb. 6, 2012) (granting summary judgment on the plaintiff's § 541.060(a)(3) claim where the letter sent by the insurer to the insured "provide[d] the policy provision—the amount of the deductible—on which State Farm based its decision to refuse payment to Plaintiffs and provided a detailed estimate on how State Farm reached its conclusion.").

### 4.   *Section 541.060(a)(4)(A)*

Section 541.060(a)(4)(A) prohibits an insurer from "failing within a reasonable time to . . . affirm or deny coverage of a claim to a policyholder." Tex. Ins. Code § 541.060(a)(4)(A). State Farm argues that it complied with this statutory requirement. I agree. The summary judgment record establishes that "State Farm contacted [Thompson] the day after she reported the claim and conversed with [Thompson] about her claim, set up an appointment for the inspection, and inspected the [P]roperty within three days of the initial report, on February 19, 2022." Dkt. 16 at 22 (citing Dkt. 16-3 at 3). Then, on February 24, 2022, State Farm sent Thompson a letter formally denying her claim. That letter explained that certain damage to the Property was excluded by the Policy provisions, and even quoted the applicable exclusion section of the Policy. As noted, State Farm issued this letter a mere eight days after Thompson originally submitted her insurance claim. *See* Dkt. 16-3 at 64. Investigating and responding within eight days is, as a matter of law, eminently reasonable. *See Lee*, 766 F. Supp.

2d at 825 (finding that a five-month delay between claim notification and completion of the insurer's investigation was reasonable). Thus, State Farm is entitled to summary judgment on Thompson's § 541.060(a)(4)(A) claim.

### D.   CHAPTER 542 CLAIMS

Chapter 542 of the Texas Insurance Code, commonly referred to as the Texas Prompt Payment of Claims Act ("TPPCA"), "imposes procedural requirements and deadlines on insurance companies to promote the prompt payment of insurance claims." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812 (Tex. 2019).

> The [TPPCA] provides that an insurer, who is "liable for a claim under an insurance policy" and who does not promptly respond to, or pay, the claim as the statute requires, is liable to the policy holder or beneficiary not only for the amount of the claim, but also for "interest on the amount of the claim at the rate of eighteen percent a year as damages, together with reasonable attorney's fees."

*Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 16 (Tex. 2007) (quoting TEX. INS. CODE § 542.060(a)). Thompson has alleged claims under §§ 542.055, 56, and 58. State Farm moves for summary judgment on each claim.

### *1.   Section 542.055*

Section 542.055 requires the insurer "(1) acknowledge receipt of the claim; (2) commence any investigation of the claim; and (3) request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant" within 15 days after the insurer receives notice of the claim. TEX. INS. CODE § 542.055.

The summary judgment evidence conclusively establishes that State Farm complied with these requirements by acknowledging the claim, investigating the claim, and requesting information it reasonably believed it required to handle the claim—all within a matter of days after receipt of the claim. Tellingly, Thompson does not even object to summary judgment being granted in State Farm's favor on the § 542.055 claim. State Farm is entitled to summary judgment on Thompson's § 542.055 claim.

### 2.    Section 542.056

Section 542.056 requires an insurer to "notify a claimant in writing of the acceptance or rejection of a claim [within 15 days] after the date the insurer receives all [necessary information]." *Id.* § 542.056(a). "If the insurer rejects the claim, the notice . . . must state the reasons for the rejection." TEX. INS. CODE § 542.056(c).

Once again, there is no factual dispute that State Farm complied with this provision. State Farm notified Thompson on February 24, 2022—just eight days after Thompson submitted her claim—that it was denying her claim. State Farm also provided Thompson the reasons for rejecting her claim in the February 24, 2022 letter. Summary judgment is warranted in favor of State Farm on Thompson's § 542.056 claim.

### 3.    Section 542.058

Section 542.058 prohibits an insurer from delaying "payment of the claim." TEX. INS. CODE § 542.058(a). To recover under this section, Thompson must establish that State Farm "is liable for the claim." *Evergreen Nat. Indem. Co. v. Tan It All, Inc.*, 111 S.W.3d 669, 678 (Tex. App.—Austin 2003, no pet.). Because State Farm is entitled to summary judgment on Thompson's breach of contract claim, Thompson cannot establish that State Farm owed her any payment, much less a timely one. Thus, State Farm is entitled to summary judgment on Thompson's § 542.058 claim.

## CONCLUSION

For the reasons discussed above, I **GRANT** State Farm's motion for summary judgment. I will issue a final judgment separately.

SIGNED this ___ day of October 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE