United States District Court
Southern District of Texas
**ENTERED**
November 25, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| DORA DOSS THOMPSON, § § Plaintiff. § § V. § § STATE FARM LLOYDS, § § Defendant. § | CIVIL ACTION NO. 4:23-cv-02322 |

## OPINION AND ORDER

On October 22, 2024, I granted summary judgment in favor of Defendant State Farm Lloyds ("State Farm"). *See* Dkt. 31. That same day, I issued a final judgment disposing of this case. *See* Dkt. 32.

On November 5, 2024, State Farm filed a Motion to Allocate Costs and Bill of Costs as permitted by Federal Rule of Civil Procedure 54(d)(1), seeking a total of $4,931.98 in costs: $402 for filing fees, $3,757.95 for deposition transcripts, and $772.03 for subpoena fees. *See* Dkt. 34-2 at 5–6. No objections have been lodged to State Farm's Bill of Costs.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). District courts have "broad discretion" to determine whether the prevailing party is entitled to an award of costs in a particular case. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998). Yet, "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Indeed, the Fifth Circuit has said that "the prevailing party is prima facie entitled to costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (quotation omitted).

As a threshold matter, Plaintiff Dora Doss Thompson has waived any objection to an award of costs. This district's local rules require "[a]n application

for costs [to] be made by filing a bill of costs within 14 days of the entry of a final judgment." S.D. TEX. L.R. 54.2. State Farm complied with this requirement, filing its bill of costs on November 5, 2024—exactly 14 days after the October 22, 2024 entry of final judgment. Local Rule 54.2 also requires "[o]bjections to allowance of the bill, the attorney's fees, or both [to] be filed within 7 days of the bill's filing." *Id*. Thus, Thompson had seven days—or until November 12, 2024—to timely file objections. Thompson did not do so. By failing to timely file objections within the seven-day time period established by the Local Rules, Thompson has waived any challenge to State Farm's Bill of Costs. *See Williams v. U.S. Dep't of Navy*, 149 F. App'x 264, 270 (5th Cir. 2005) ("Because Williams similarly has failed to file a motion objecting to the award of costs within the [time period allowed by the relevant local rule], we find that Williams has waived her objection to the bill of costs."); *Carlson v. Rockwell Int'l Corp.*, No. 96-21158, 1997 WL 802035, at *2 (5th Cir. Nov. 11, 1997) ("We agree with the district court's conclusion that Carlson waived any objection to the cost award by failing to object to the bill of costs within [the time period allowed by the relevant local rule]."); *Prince v. Poulos*, 876 F.2d 30, 34 (5th Cir. 1989) (holding that plaintiff waived any objections to an award of costs by failing to timely object); *Ihsan v. Weatherford U.S., L.P.*, No. H-17-2546, 2019 WL 3935975, at *7 (S.D. Tex. Aug. 20, 2019) ("Because plaintiff failed to object to defendant's Bill of Costs within the 7-day period provided by Local Rule 54.2, plaintiff has waived any objection to the cost award."), *aff'd*, 799 F. App'x 895 (5th Cir. 2020); *RSL-3B-IL, Ltd. v. Symetra Life Ins. Co.*, No. H-12-2708, 2018 WL 11363822, at *1 n.1 (S.D. Tex. Oct. 19, 2018) (refusing to address defendant's contentions regarding costs because defendant failed to timely object to the award of costs).

Because Thompson has waived all objections to State Farm's Bill of Costs, I need not conduct a detailed analysis to determine whether State Farm properly documented and established the costs requested. Nonetheless, out of an

abundance of caution, I have reviewed the record and conclude that the costs State Farm seeks are reasonable and proper.

Accordingly, the following costs are allowed: (1) $402 for filing fees; (2) $3,757.95 for deposition transcripts; and (3) $772.03 for subpoena fees. The total allowed costs are $4,931.98. The Clerk of Court is directed to tax costs in the amount of $4,931.98 against Thompson.

SIGNED this 25th day of November 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE